### PRESTON *v.* MANARD *et al.*[1]

*(Circuit Court, N. D. Illinois.* January 6, 1882.)

**1. PATENTS FOR INVENTIONS—NOVELTY—LAWN SPRINKLERS—HOSE-CARRIAGE.**
The first claim of letters patent No. 183,188, issued to W. McGaffey, for an "improvement in fountain hose-carriages," which is for the combination of a hose-reel mounted on a truck provided with a foot or brace, by means of which the truck may be set or sustained in a vertical position, so that the single truck-shaft may, when thus set in an upright position, act as a fountain standard, is void for want of novelty.

**2. SAME—CONSTRUCTION OF CLAIM—NOZZLE HOLDER.**
The clasp or nozzle holder, in combination with the truck and the reel, which is the subject of the second claim of the patent, must be limited to such a clasp as is there shown; the proof showing that the idea of the device to fasten the nozzle to the standard of a lawn sprinkler was not new to the inventor.

**3. SAME—LOCKING DEVICE.**
The fourth claim of the patent, which is for the combination of a set-screw, by which the hose-reel is locked or made rigid on the spindle or axle, and the nozzle clasp, is not infringed by a similar machine whose locking device is a pawl and rachet, and not a set-screw.

In Equity. Bill for an injunction and damages for an alleged infringement of patent. The bill was filed by Everett B. Preston against Alpheus B. and James W. Manard.

*Munday & Evarts,* for complainant.
*C. M. Brazee,* for defendants.

BLODGETT, J. This is a bill for an injunction and damages for an alleged infringement by defendants of patent No. 183,188, issued to J. W.

[1] The delay in publishing this opinion was occasioned by failure to receive it at the time of its rendition.

McGaffey, for an "improvement in fountain hose-carriages," and duly assigned to the complainant. It is charged in the bill that the defendant infringes the first, second, and fourth claims of the patent. These claims are as follows:

"(1) A hose-reel mounted on a wheeled carriage, which is provided with a foot or brace, by means of which it may be sustained in an upright vertical position, whereby the device becomes capable of use both as a hose-carriage and as a fountain standard, substantially as specified. (2) The combination with a hose-reel, mounted upon a suitable standard or frame-work, of a clasp or clasps upon the reel, or standard, or both, for holding the hose or nozzle so that the apparatus may be used as a lawn sprinkler, substantially as described. (3) The hose-reel, provided with a set-screw for locking it from turning, and with a clasp or clasps for holding the nozzle, substantially as set forth."

The defendants make and use a hose-reel constructed by making a truck with two shafts or standards, with a hose-reel working between the two standards, or truck-shafts, as they may perhaps be more properly called. The defense is (1) want of novelty; and (2) that defendants do not infringe.

The first claim of this patent, it will be seen, is for the combination of a hose-reel mounted on a truck provided with a foot or brace, by means of which the truck may be set or sustained in a vertical position, so that the single truck-shaft may, when thus set in an upright position, act as a fountain standard.

This combination seems to me to have been fully anticipated in the reference from Knight's Mechanical Dictionary, vol. 2, p. 1132, under the title of "Hose-Reel," where a truck or carriage is shown which seems to me the same in principle and mode of operation as that shown in the patent. It is true the application or use of the combined truck and reel of a fountain standard is not suggested in this reference, but it is clear that no change in the mechanical structure is needed to adapt it to this use, unless it be some mode of fastening the hose-nozzle to the standard, and devices for this purpose are shown in the older art; as, for instance, in the hose-holder of Smith, described in his patent No. 137,802, dated April 15, 1873; the patent of Ryder of November 11, 1873, No. 144,415; and other devices of an analogous character to this, for keeping the hose or nozzle in position, and which might have been adopted in this case.

The clasp or nozzle holder, in combination with the truck and the reel, is the subject of the second claim, and must be limited to such a clasp as is there shown, because the proof shows that the idea of a device to fasten the nozzle to the standard of a lawn sprinkler was not new to this inventor. Smith, Ryder, and Copping had shown such devices before he entered the field, and therefore he must be limited to his specific device or clasp; and an inspection of the nozzle holder of the defendant is sufficient to show that, while it performs the same function as that of the complainant's nozzle holder, it is a different mechanical contrivance.

The fourth claim is for the combination of a set-screw, by which the hose-reel is locked or made rigid on the spindle or axle, and the nozzle clasp. It is sufficient to say, while the defendant's machine has a lock-

ing device, it is a pawl and ratchet, and not a set-screw, and does not, therefore, infringe the complainant's combination. The only peculiar feature in the complainant's machine, which is not expressly shown in the exhibit from Knight's Mechanical Dictionary, is in regard to the construction of the reel. The complainant says in his specification: "The reel being supported at a considerable height from the ground, renders it possible to employ a reel of sufficient diameter so that the water will freely flow through the portion of the hose wound thereon, by means of which only so much of the hose need be unwound from the reel as is needed to place the sprinkler where it is wanted for operation;" but the exact size required for a reel in order to secure a flowing of the water through the hose, when wound thereon, is not given; nor does the inventor pretend that he was the first to discover the principle or fact that water would flow through a hose when wound on a reel of a certain diameter. It is obvious, I think, that the flowing of water through a hose while wound upon a reel depends, not only upon the size of the reel, but to some extent on the care and rigidity or tightness with which it is wound, and the number of coils laid upon each other. And it seems, from the way in which McGaffey refers to this feature in his description, that he considered it a mere form of construction which could be adopted in the arrangement of the parts of his machine, if the constructor saw fit to do so; that is, his shaft and trucks were so arranged that he could use a large reel if it was desirable to do so. It is not an essential element of his patent, and does not form the subject of any claim. I therefore come to the conclusion that the first claim is void for want of novelty, and that the defendants do not infringe the second and fourth claims. The defendants' machine, in fact, more nearly resembles, in mechanical structure and combination of parts, the hose-reel described in Knight's Dictionary; but it is obvious that the differences between the complainant's and defendants' machines are more apparent than real. The complainant's machine has only a single truck-shaft, with the reel attached to it by a spindle, while defendants' machine has two truck-shafts, and the reel revolves between them on an axle attached to each shaft. The complainant's foot or brace makes with the wheels of his truck a tripod, which supports the shaft as a standard for a lawn sprinkler; the defendants' shafts, being set on brackets attached to the axle of the truck, make, when set on end, a four-footed pedestal and two standards for a lawn sprinkler, either of which may of course be used as desired. The bill is therefore dismissed for want of equity.